IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE McCLAIN, | ) | |
| Petitioner, | ) | Civil Action No. 17-91 Erie |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN FCI McKEAN, | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Before the Court is a petition for a writ of habeas corpus filed by Jermaine McClain pursuant to 28 U.S.C. § 2241. (ECF No. 5). The petition has not been served because the Court may dismiss it if it plainly appears on its face that McClain is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts, which also applies to § 2241 cases. That is the case here because this Court lacks jurisdiction over this case. Therefore, it is respectfully recommended that the petition be summarily dismissed.

**II.     REPORT**

**A.     28 U.S.C. § 2255 Provides the Post-Conviction Remedy For Federal Prisoners**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the

---

[1] Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

1

ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255, which will be discussed in more detail below, is commonly referred to as the "savings clause."

**B.     Discussion**

On December 13, 2011, McClain was sentenced in the United States District Court for the Eastern District of Michigan (the "trial court") at Docket No. 10-cr-20724 on a count of felon in possession of a firearm (count one) and witness tampering (count two). The trial court sentenced him to a term of 120 months of imprisonment at count one, and a term of 151 months of imprisonment at count

2

two. It directed that the sentences were to be run concurrently. United States v. McClain, No. 10-cr-20724, 2015 WL 1737668 (E.D. Mi. April 16, 2015).

McClain filed an appeal with the United States Court of Appeals for the Sixth Circuit in which he contended that his jury instructions were erroneous, his counsel was ineffective, there was insufficient evidence of witness tampering, and his sentence was unreasonable. On March 11, 2013, the Sixth Circuit Court of Appeals affirmed his judgment of sentence. United States v. McClain, No. 11-2604, 2013 WL 870257 (6th Cir. Mar. 11, 2013).

McClain subsequently filed in the trial court a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court described his claim as follows:

> [McClain's] sole argument raised in his 2255 motion is that his counsel was ineffective in failing to argue against the Court's application of the sentencing guidelines. In particular, [McClain] suggests the Court improperly applied the grouping and enhancement guidelines, such that his witness tampering conviction resulted in a sentence that was 31 months higher than his conviction for felon in possession. Def. Br. at 1-2. [McClain] suggests his sentence should have been restricted to 120 months on both counts. Id. at 1, 4. [McClain] also argues that "it was improper for the court to rely on the firearm enhancements under U.S.S.G. 2K2.1 to increase the base offense level of the witness tampering count past the 120 month maximum [for the felon-in-possession conviction], where the two counts were grouped together under U.S.S.G. 3D1.2, and the base offense level for the firearm count was controlling as the underlying offense." Id. at 1.

McClain, No. 10-cr-20724, 2015 WL 1737668, * 2.

On April 16, 2015, the trial court issued and Opinion and Order in which it denied McClain's § 2255 motion on the merits. Id. at*1-5. The Sixth Circuit Court of Appeals denied McClain's subsequent request for a certificate of appealability on August 28, 2015. It held:

> Reasonable jurists could not debate whether the sentencing guidelines were properly applied to McClain's case; therefore, his motion to vacate was properly denied. The two counts, unlawful possession of a firearm and witness tampering, were "grouped" according to the guidelines. Counts must be grouped together when one count can be treated as a "specific offense characteristic in, or as an adjustment to," the other count. U.S.S.G. § 3D1.2. When multiple counts have been grouped, the court should still determine the offense level for each count separately, but the offense level on the count

3

with the highest level will be used as the offense level for the entire group. Id. § 3D1.3. The offense level for McClain's witness tampering charge, even after any relevant adjustments, was lower than the level of his adjusted firearm charge. See Op. and Order Den. Def. Mot. to Vacate and Cert. of Appealability, at 6, ECF No. 58.

The district court correctly calculated McClain's total offense level at thirty. Because one of the firearms McClain unlawfully possessed was a short-barreled shotgun his base offense level was twenty, but the level was increased because of other specific offense characteristics. See U.S.S.G. §§ 2K2.1(a)(4)(A), 3D1.2. McClain wrote several letters to his girlfriend attempting to corruptly persuade her: to deny earlier statements; to withhold information from a grand jury; and influence other statements, in an effort to defeat the firearm charge. See Op., at 2-3, Mar. 11, 2013, ECF No. 47. The base offense level on McClain's gun charge was increased two levels because these letters amounted to a willful attempt to obstruct the investigation and prosecution of his initial firearm charge, McClain's instant offense of conviction. Id. § 3C1.1 (explaining that when an obstruction of justice occurs relating to the instant offense of conviction the obstruction charge is grouped with the instant offense).

Additionally, McClain possessed five firearms, which resulted in a two-level increase. See id. § 2K2.1(b)(1)(A). At least one of the firearms was stolen, which added another two levels. See id. § 2K2.1(b)(4). McClain also unlawfully possessed the firearms in connection with another felony offense, the distribution of heroin, so four more levels were added. After all the adjustments had been made for McClain's specific offense characteristics in his unlawful possession charge, the district court correctly calculated his total offense level to be thirty. Tr. of Sentencing Hr'g, at 6, ECF No. 43.

McClain did not dispute that his criminal history points placed him in category V of the sentencing guidelines. See Op. and Order Den. Def. Mot. to Vacate and Cert. of Appealability, at 9 n.3, ECF No. 58. McClain's base offense level was combined with his category V criminal history, resulting in a possible sentencing range of 151 to 188 months. He was sentenced to 151 months, the lowest sentence recommended under the guidelines, given the circumstances.

McClain correctly argues that the statutory maximum sentence for his firearm charge was 120 months, but the statutory maximum sentence for witness tampering is 240 months. 18 U.S.C. § 924(a)(2) (2012). When multiple counts have been grouped the relevant statutory maximum sentence for all of the counts in a group is maximum limit for the count with the highest statutory maximum. See U.S.S.G. § 5G1.2(c) (explaining that sentences must run concurrently when the statutory maximum for any one of the counts is sufficient to achieve total punishment). In other words, the highest offense level for any count in the group is the applicable offense level for the entire group, and the highest statutory maximum sentence for any count in the group is the applicable statutory maximum for sentencing purposes. U.S.S.G. §§ 3D1.2, 5G1.2(c).

> McClain did not receive ineffective assistance from his counsel and no constitutional violation occurred because his sentence was calculated correctly and it does not exceed the statutory maximum for his grouped counts. See 18 U.S.C. § 1512(b) (2012).

Order, McClain v. United States, No. 15-1545 (6th Cir. Aug. 28, 2015) (available on PACER).

The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals certifies the filing contains a claim based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). See also 28 U.S.C. § 2244(a).

In 2016, the Sixth Circuit Court of Appeals considered McClain's application for authorization to file a second § 2255 motion. McClain contended, as he does in the petition for a writ of habeas corpus that he filed with this Court, "that his sentencing resulted in a fundamental miscarriage of justice," and that the trial court:

> mistakenly applied (1) a four-level enhancement for using or possessing a firearm in connection with another felony offense (distribution of heroin) pursuant to USSG § 2K2.1(b)(6)(B) because the government failed to establish a sufficient nexus between the firearm possession and the drug felony; and (2) a two-level enhancement for a stolen firearm pursuant to USSG § 2K2.1(b)(4)(A) because the government failed to establish that he knew or should have known that the handgun was stolen.

Order in In re: Jermaine McClain, No. 16-2425 (6th Cir. Feb. 27, 2017) (available on PACER).

In an order dated February 27, 2017, the Sixth Circuit Court of Appeals denied McClain's application, explaining:

> As the government points out, McClain's proposed § 2255 motion does not rely on any newly discovered evidence or new rule of constitutional law [as required by 28 U.S.C.

> § 2255(h)]. In his reply letter, McClain contends that he relies on Johnson v. United
> States, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court invalidated the residual
> clause under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), as
> unconstitutionally vague. In addition to the fact that McClain did not cite Johnson in his
> proposed § 2255 motion, that decision does not help him because the guideline provisions
> raised in his motion–USSG § 2K2.1(b)(4)(A) and (b)(6)(B) –do not contain language
> similar to the ACCA's residual clause.
>
> Accordingly, we DENY McClain's motion for an order authorizing the district
> court to consider a second or successive § 2255 motion.

Id.

After the court of appeals denied his application to file a second or successive § 2255 motion, McClain, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed the instant § 2241 habeas petition with this Court. He alleges that the trial court erroneously calculated the Guidelines in his case and that he requires habeas relief to correct a "fundamental miscarriage of justice."

**C.     Discussion**

The claims that McClain is raising in his § 2241 petition are precisely the type that must be brought in a § 2255 motion before his trial court. However, as explained above, he cannot file another § 2255 motion because the Sixth Circuit Court of Appeals denied his request for authorization to file one. That does not mean, however, that he can pursue his claims in a § 2241 habeas petition. He can only do that if this case falls within § 2255's "savings clause." The question before this Court, therefore, is whether § 2255's remedy is "inadequate or ineffective to test the legality of [McClain's] detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is McClain's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He cannot meet the requisite burden. Because he cannot, the petition should be summarily dismissed.

It is only the extraordinarily rare case that falls within § 2255's savings clause, and this case is not one of them. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Third Circuit Court of Appeals recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. Although the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 *merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.*

Dorsainvil, 119 F.3d at 251 (emphasis added). See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought.

7

After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post <u>Bailey</u>, Dorsainvil applied to the Third Circuit Court of Appeals for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion.[2] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in <u>Davis v. United States</u>, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." <u>Id.</u> at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." <u>Id.</u> at 346-47 (internal quotations omitted); <u>see</u> also <u>United States v. Addonizio</u>, 442 U.S. 178, 186-87, (1979) (discussing <u>Davis</u> and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in <u>Davis</u> that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255

---

[2] Although <u>Bailey</u> was a substantive rule that applied retroactively to cases on collateral review, <u>Bousley v. United States</u>, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in it was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]"<u>Dorsainvil</u>, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in <u>Bailey</u> as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in <u>Davis</u>, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

<u>Dorsainvil</u>, 119 F.3d at 250-51 (emphasis added).

McClain's claims are not akin to Dorsainvil's.[3] In addition, the Third Circuit Court of Appeals has excluded from the ambit of <u>Dorsainvil</u> the type of sentencing-related claim that he is making in this case. In <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the judge increased his sentence on the basis of drug quantity not found by a jury. The court of appeals rejected his argument, holding:

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See <u>Davis v. United States</u>, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In <u>In re Dorsainvil</u>, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in <u>In re Dorsainvil</u>, where the petitioner was in the

---

[3] The Court recognizes that <u>Dorsainvil</u> does not answer the question of whether the circumstance the court of appeals confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Third Circuit Court of Appeals since the enactment of AEDPA.

9

"unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.

The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

- - -

Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi *dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.* Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added). See also Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) ("Like Apprendi, ]Alleyne v. United States, — U.S. — , 133 S.Ct. 2151 (2013)] did not establish a rule that made prior criminal conduct noncriminal…. Therefore, under the logic of Okereke, 307 F.3d at 120, [the petitioner's] Alleyne challenge cannot be raised in a § 2241 petition based on Dorsainvil-like claims of actual innocence.").

Based upon all of the foregoing, this case does not present the rare situation rendering § 2255 inadequate or ineffective and, accordingly, this Court does not have jurisdiction and the petition should be summarily dismissed.[4]

---

[4] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.

### **III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that McClain's petition for a writ of habeas corpus be summarily dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, McClain is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 4, 2017           /s/ Susan Paradise Baxter
                                SUSAN PARADISE BAXTER
                                United States Magistrate Judge

cc:     Nora Barry Fischer
        United States District Judge

Notice by first class mail to all of the following:

    Jermaine McClain
    MCKEAN
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. BOX 8000
    BRADFORD, PA 16701

    United States Attorney's Office
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219

    Warden Rafael Zuniga
    FCI McKean
    Federal Correctional Institution
    P.O. Box 5000
    Bradford, PA 16701